IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AISHA BRADLEY,<br>    Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 25-CV-4753<br>:<br>:<br>: |

**ORDER**

AND NOW, this 12th day of January, 2026, upon consideration of Plaintiff Aisha Bradley's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Complaint (ECF No. 2), Motion to Appoint Counsel (ECF No. 3), Motion for ECF filing privileges (ECF No. 4), Motion for Service (ECF No. 5), Motion to be Excused from Serving Numerous Defendants and the Court (ECF No. 6), Motion for IFP to be Granted and Summonses to be Issued (ECF No. 16), and Motion to Intervene by the Department of Justice (ECF No. 19), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons in the Court's Memorandum, as follows:

   a. The Following claims are **DISMISSED WITH PREJUDICE**:

      i. All claims asserted against Judge Patrick Dugan, Judge Michelle Henry, Judge Joshua Roberts, Judge Daniel Anders, Judge Megan Sullivan, Judge Mary Jane Bowes, Judge Daniel McCaffery, Judge Alice Beck Dubrow, Judge Mary P. Murray, Judge Crystal Bryant-Powell, Judge Gene E.K. Pratter, Judge Juan Sánchez, Judge Tamika Montgomery-Reeves, and Judge Arianna Freeman;

  ii. All claims asserted against (1) "Superior Court Per Curiam – Jane/John Does for the July 11, 2022, Order at cases 1166 EDA 2022 and 1167 EDA 2022 – State Employees"; (2) "Commonwealth Court of PA Per Curiam Jane/John Does for the Jan. 10-23, Order at cases 1192 CD 2022, 1193 CD 2022, 1194 CD 2022 – State Employees"; (3) "PA Supreme Court Per Curiam Jane/John Does for the June 26-23, Order at case 12 EM 2023 – State Employees"; (4) "PA Supreme Court Per Curiam Jan/John Does for the Aug. 11-23, Order at case 43 EM 2023 – State Employees"; (5) "Jane and John Does – State Court Employees – Involved with Suppressing Records from the Trial Court Record 1192 CD 2022"; (6) "Jane and John Doe – State Court Employees – Involved with Suppressing Records from Trial Court Records 393 EDA 2022, 2100 EDA 2022, and 583 ED 2023"; (7) "Jane and John Does – State Court Employees – Involved with Setting Up case CP-51-MD-0003368 – Oct-20-2021, as Miscellaneous Docket Instead of Private Criminal Complaint"; (8) "Jane or John Doe – Federal Employee that created the February 1, 2024 Memorandum and Order"; and (9) 'Jane or John Doe – Federal Employe that entered the February 1, 2024 Order";

  iii. All claims asserted against Michael Ammann, Joseph Seletyn, Phoenicia Wallace, and Irene Bizzoso;

  iv. All claims asserted under 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 Pa. Cons. Stat. Ann. § 5101;

      v. All claims based on any Defendant's refusal to investigate or prosecute the criminal charges she sought to pursue in connection with the Seffert Street Properties;

      vi. All claims asserted against Rebecca Rhynhart and Alexander DeSantis;

      vii. all claims asserted against the United States and the United States Government

      viii. all claims asserted under the Pennsylvania Constitution; and

      ix. all claims asserted under state and federal procedural rules.

b. The Clerk of the Court is **DIRECTED** to **TERMINATE** the following Defendants from the docket: (1) Judge Patrick Dugan, (2) Judge Michelle Henry, (3) Judge Joshua Roberts, (4) Judge Daniel Anders, (5) Judge Megan Sullivan, (6) Judge Mary Jane Bowes, (7) Judge Daniel McCaffery, (8) Judge Alice Beck Dubrow, (9) Judge Mary P. Murray, (10) Judge Crystal Bryant-Powell, (11) Judge Gene E.K. Pratter, (12) Judge Juan Sánchez, (13) Judge Tamika Montgomery-Reeves, (14) Judge Arianna Freeman, (15) "Superior Court Per Curiam – Jane/John Does for the July 11, 2022, Order at cases 1166 EDA 2022 and 1167 EDA 2022 – State Employees"; (16) "Commonwealth Court of PA Per Curiam Jane/John Does for the Jan. 10-23, Order at cases 1192 CD 2022, 1193 CD 2022, 1194 CD 2022 – State Employees"; (17) "PA Supreme Court Per Curiam Jane/John Does for the June 26-23, Order at case 12 EM 2023 – State Employees"; (18) "PA Supreme Court Per Curiam Jan/John Does for the Aug. 11-23, Order at case 43 EM 2023 – State

Employees"; (19) "Jane and John Does – State Court Employees – Involved with Suppressing Records from the Trial Court Record 1192 CD 2022"; (20) "Jane and John Doe – State Court Employees – Involved with Suppressing Records from Trial Court Records 393 EDA 2022, 2100 EDA 2022, and 583 ED 2023"; (21) "Jane and John Does – State Court Employees – Involved with Setting Up case CP-51-MD-0003368 – Oct-20-2021, as Miscellaneous Docket Instead of Private Criminal Complaint"; (22) "Jane or John Doe – Federal Employee that created the February 1, 2024 Memorandum and Order"; (23) 'Jane or John Doe – Federal Employe that entered the February 1, 2024 Order"; (24) Michael Ammann; (25) Joseph Seletyn; (26) Phoenicia Wallace; (27) Irene Bizzoso; (28) Rebecca Rhynhart; (29) Alexander DeSantis; (30) the United States; and (31) the United States Government.

    c. The balance of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

4. Bradley may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Bradley's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **<u>Bradley may not reassert a claim that has already been dismissed from this case with prejudice</u>**. When drafting her amended complaint, Bradley should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5.      The Clerk of Court is **DIRECTED** to send Bradley a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Bradley may use this form to file her amended complaint if she chooses to do so.

6.      If Bradley does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7.      The Motion to Appoint Counsel (ECF No. 3) is **DENIED without prejudice**. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

8.      The Motion for ECF filing privileges (ECF No. 4) is **DENIED**.[1]

---

[1] Under this Court's Local Civil Rules, a *pro se* party's request to file documents via the CM/ECF system is subject to the complete discretion of the judge to grant, deny, or revoke that privilege.  *See* L. Civ. R. 5.1.2 (3)(b).  Bradley's request for CM/ECF filing privileges is based on the assertion that she is staying outside of Pennsylvania and cannot travel back to the Court or afford postage.  Given Bradley's history of abusive filings in this Court, and other federal and

9.  The Motion to Intervene by the Department of Justice (ECF No. 19) is **DENIED**.[2]

10. The Motion for Service (ECF No. 5) and the Motion to be Excused from Serving Numerous Defendants and the Court (ECF No. 6) are **DENIED** as premature.[3]

11. The Motion for IFP to be Granted and Summonses to be Issued (ECF No. 16) is **DENIED** as moot.

12. If Bradley fails to file any response to this Order, the Court will conclude that Bradley intends to stand on her Complaint and will issue a final order dismissing this case.[4] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

BY THE COURT:

_____
**HON. MIA R. PEREZ**

---

state courts in which she has litigated, her request to file documents using the CM/ECF system is denied.

[2] Bradley may not seek intervention on behalf of the Department of Justice and the Department has not requested to intervene.

[3] Because this case has not yet passed statutory screening, no Defendant need be served with a summons or with any other document filed in this case.

[4] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013).